OPINION
Appellant, James Mitchell, Jr., appeals a judgment of the Court of Common Pleas of Marion County, convicting him on two counts of aggravated arson pursuant to R.C. 2909.02(A)(1), (2).
Appellant is currently an inmate at the Marion Correctional Institute (MCI) serving a sentence of eight to twenty-five years for a previous conviction. On March 12, 1999, Appellant and his cellmate were residing in cell number 7-A in the R-Block at MCI, the most secure disciplinary unit at the facility. On that date, while his cellmate was not present in the cell, Appellant set fire to his bedding, books, and a number of other assorted paper products, which caused flames and smoke to rapidly consume the R-Block unit.
Thereafter, the fire alarm was sounded and corrections officers quickly responded. Several corrections officers used fire extinguishers to put out the fire while others began evacuating approximately forty inmates that were housed in the R-Block unit. For security purposes corrections officers are required to handcuff each inmate in the R-Block unit prior to transferring them to any location. The fire caused extensive damage to the cell, including charring of the prison bars, walls, and ceiling. As a result, Appellant and his cellmate were removed so that the cell could be repaired.
Following this incident Appellant was transferred to the Grafton Correctional Institution (Grafton) for a mental evaluation concerning the fire, and a previous suicide attempt. Appellant remained at Grafton until he was transferred back to MCI on April 19, 1999. At that time, Appellant was placed in cell number 3-A in the R-Block unit. Thereafter, on April 21, 1999, Appellant again set fire to his bedding and other paper products within his cell. Appellant's cellmate was not present when the fire occurred.
After the fire alarm sounded, corrections officers quickly responded and doused the flames using fire extinguishers and a water hose that was located on the premises. The corrections officers also had to evacuate all the inmates housed in the R-Block unit. As a result of the fire, four corrections officers sustained injuries related to smoke inhalation and were subsequently treated at both the MCI infirmary and Marion General Hospital.
On May 7, 1999, Appellant was indicted on a total of four counts of aggravated arson; two counts stemmed from the fire set on March 12, 1999, and two counts stemmed from the fire set on April 21, 1999. For each fire Appellant was indicted on one count of aggravated arson in violation of R.C. 2902.02(A)(1), a first-degree felony, and R.C. 2909.02(A)(2), a second-degree felony.
On November 1, 1999, this matter came on for trial to a jury. At the close of the State's case Appellant moved to dismiss the indictment pursuant to Crim.R. 29, which the trial court denied. Thereafter, on November 5, 1999, Appellant was convicted on the two counts of aggravated arson stemming from the fire set on April 21, 1999, and acquitted on the charges stemming from the fire set on March 12, 1999. At the sentencing hearing on December 13, 1999, the court ruled that the two counts of aggravated arson are allied offenses of similar import. The court then sentenced Appellant to four years in prison on the aggravated arson offense in violation of R.C. 2909.02(A)(1), to be served consecutively to his previous sentence.
Appellant now appeals the judgment of the trial court, assigning two errors for our review.
 Assignment of Error No. 1 Defendant's conviction for aggravated arson was not supported by sufficient evidence and was, in fact, against the manifest weight of the evidence. The trial court erred in denying Defendant's Motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
 Regarding the legal standards of sufficiency of the evidence and manifest weight of the evidence, the Supreme Court of Ohio has stated that they are both "quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Whereas sufficiency is a test of adequacy, weight of the evidence refers to "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." Id. at 387, quoting Black's Law Dictionary (6 Ed. 1990) at 1594.
Because sufficiency and weight are two distinct legal standards, we must address each argument separately.
 Sufficiency of the Evidence Appellant raises the sufficiency argument with respect to the trial court's denial of his motion for acquittal pursuant to Crim.R. 29, which provides in pertinent part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
* * *
 In addressing the sufficiency standard in Crim.R. 29, the Ohio Supreme Court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus.
Ohio Revised Code Section 2909.02, which defines the offense of aggravated arson, states in pertinent part:
 (A) No person, by means of fire or explosion, shall knowingly do any of the following:
 (1) Create a substantial risk of serious physical harm to any person other than the offender;
(2) Cause physical harm to any occupied structure;
* * *
 Regarding the culpable mental state necessary to sustain a conviction for aggravated arson, R.C. 2901.22 states in pertinent part:
 (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 The record herein demonstrates the following pertinent evidence. Twelve witnesses, including MCI corrections officers and officers of the State Highway Patrol, testified on behalf of the State regarding the fires, the evacuation of the inmates from the R-Block unit, and the resulting damage to the prison cells. Their testimony reveals that each fire created a considerable amount of smoke, which quickly engulfed the R-Block unit at MCI. Their testimony also reveals that at the time the fires occurred the R-Block unit was not equipped with a ventilation system that was capable of removing the smoke as fast as it was filling up the area.
The record also demonstrates that although nobody was injured as a result of the fire on March 12, 1999, four MCI corrections officers were treated for smoke inhalation at the MCI infirmary and later at Marion General Hospital as a result of the fire on April 21, 1999. In addition to these injuries, both fires caused damage to the prison cells by charring the cell bars, the walls and the ceilings. The fires also destroyed numerous items, including bedding materials, which had to be subsequently replaced.
There is also testimony in the record regarding several statements made by Appellant. The record demonstrates that when Appellant was returned to MCI from Grafton he told a corrections officer that he would burn the place down if he were not transferred out of the R-Block unit. Appellant also made a comment to the prison warden, Christine Money, that he would burn the place down. Finally, the record demonstrates that when Appellant was removed from his prison cell after the fire on April 21, 1999, he told a corrections officer that he wishes he had burned the whole place up.
Despite the testimony in the record, Appellant argues that the evidence is insufficient to establish that he knowingly created a substantial risk of serious physical harm to any person. Specifically, Appellant argues that his sole purpose for starting the fires was to commit suicide, and not to cause harm to any person or property. The term `substantial risk' is defined in R.C. 2901.01(A)(8) as:
 "Substantial risk" means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist.
 The term `serious physical harm to persons' is defined in R.C. 2901.01(A)(5) as:
 * * *
(b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity.
* * *
 Appellant claims that the fact that nobody was injured as a result of the fire on March 12, 1999 lends credence to his argument. The record demonstrates, however, that Appellant was aware that as a result of the first fire, smoke quickly engulfed the R-Block unit. Appellant was also aware that there were approximately forty inmates housed in the R-Block unit that had to be evacuated, and was aware of the evacuation procedures and the response time from the corrections officers. There is also expert testimony in the record regarding the effects of smoke inhalation on the human body. Additionally, it is common knowledge that smoke inhalation is detrimental to human health.
Appellant also argues that the evidence is insufficient to establish that he knowingly created a risk of substantial physical harm to the prison cells because the prison is constructed almost entirely of non-flammable materials. In support, Appellant claims that the first fire caused minimal damage to his cell, as it only had to be repainted. A conviction for aggravated arson pursuant to 2909.02(A)(2) requires that the offender cause physical harm to any occupied structure. The term `physical harm to property' is defined in R.C. 2901.01(A)(4) as:
 "Physical harm to property" means any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment. * * *
 The testimony amply demonstrates that both the fire and smoke caused a considerable amount of damage to the bars, walls and ceilings of the cells, as well as Appellant's bedding and other items of prison property. There is also a videotape, and a number of photographs in the record that reflect this damage. The record also demonstrates that Appellant was aware of the damage to his cell after the first fire on March 12, 1999. Additionally, it is common knowledge that both fire and smoke have the potential to cause property damage.
After reviewing the record herein, based on the witness' testimony, and Appellant's firsthand knowledge, we find that there is sufficient evidence with which a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Therefore, because we find that the evidence is legallysufficient, we hold that the trial court did not err in denyingAppellant's motion for an acquittal pursuant to Crim.R. 29.
 Manifest Weight of the Evidence Appellant also argues that the trial court's decision is against the manifest weight of the evidence. The proper standard to employ when considering an argument that a conviction is against the manifest weight of the evidence has been set forth as follows:
 The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the [fact-finder] clearly lost its way * * *
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, 78 Ohio St.3d at 387. A complete review of the record, as recited in the prior discussion, does not lead this court to conclude that the trial court clearly lost its way in rendering a guilty verdict.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
 Assignment of Error No. 2 The trial court erred in failing to instruct the jury on the lesser included offense of criminal damaging.
 Appellant argues herein that the offense of criminal damaging pursuant to R.C. 2909.06 is a lesser included offense of aggravated arson and, therefore, the jury should have been instructed on the elements of criminal damaging.
In State v. Deem (1988), 40 Ohio St.3d 205, at paragraph 1 of the syllabus the Ohio Supreme Court stated:
 Pursuant to R.C. 2945.74 and Crim.R. 31(C), a jury may consider three groups of lesser offenses on which, when supported by the evidence at trial, it must be charged and on which it may reach a verdict: (1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses.
Regarding lesser included offenses, the Court stated:
 An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (State v. Kidder [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)
 Id. at paragraph 3 of the syllabus.
Criminal damaging is defined in R.C. 2909.06, which states in pertinent part:
 (A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
(1) Knowingly, by any means;
 (2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance.
* * *
 In State v. McKinnon (June 10, 1992), Ross App. No. 90-CA-1744, unreported, the Fourth District Court of Appeals addressed the same issue before this court today. In McKinnon, the appellant therein contended that the trial court erred by failing to instruct the jury on the offense of criminal damaging as a lesser included offense of aggravated arson. In addressing Appellant's assignment of error, the court discussed the elements of a lesser included offense as set forth in Deem, supra.
With respect to the first element, the court noted that pursuant to R.C. 2909.02(B) the offense of aggravated arson is either a first or second-degree felony. On the other hand, the offense of criminal damaging pursuant to R.C. 2909.06(B) is at most, depending on the facts of the case, a fourth-degree felony. Thus, since the offense of criminal damaging carries a lesser penalty than the offense of aggravated arson, the first element of the test in Deem is satisfied. McKinnon, supra.
The court in McKinnon, however, found that the second element of the test in Deem was not satisfied. In doing so, the court noted that one could be guilty of aggravated arson by causing physical damage to any occupied structure. The occupied structure in question does not have to be that of another person. Conversely, however, the offense of criminal damaging clearly requires that the offender must cause or create a substantial risk of physical harm to the property of another. Therefore, the court held that the offense of aggravated arson could be committed without also committing the offense of criminal damaging and, thus, criminal damaging is not a lesser included offense of aggravated arson. Id. See also State v. Braun (April 21, 1997), Washington App. No. 95CA41, unreported.
We agree with the analysis set forth in McKinnon and hold that criminal damaging is not a lesser included offense of aggravated arson. Therefore, the trial court did not err in failing to provide such an instruction to the jury.
Accordingly, Appellant's second assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.